UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLISON TRANSMISSION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02455-LJM-MJD |
| ) | |
| FLEETPRIDE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on Defendant Fleetpride, Inc.'s ("Fleetpride's"), Motion to Dismiss, or Alternatively, Motion for More Definite Statement (the "Motion to Dismiss"). Dkt. No. 21. In the Motion to Dismiss, Fleetpride seeks to dismiss the trademark infringement, unfair competition, and false description of goods claims asserted against it by Plaintiff Allison Transmission, Inc. ("Allison"), in its First Amended Complaint,[1] claiming that its uses of Allison's trademarks were non-infringing uses. *Id.* at 1. Fleetpride alternatively requests that the Court require Allison to provide a more definite statement that more clearly specifies which of Allison's trademarks it alleges

---

[1] In addition to filing its Motion to Dismiss, Fleetpride simultaneously filed a Motion to Strike paragraphs 20 through 30 of Allison's First Amended Complaint, arguing that these paragraphs impermissibly discuss settlement negotiations between Fleetpride and Allison prior to the commencement of this action. Dkt. No. 23. Because the Court finds that certain portions of Allison's First Amended Complaint that refer generally to settlement discussions with Fleetpride do not substantively affect Allison's claims against Fleetpride, the Court **GRANTS in part and DENIES in part** Fleetpride's Motion to Strike. Paragraphs 25 through 28 and paragraph 30 are stricken from Allison's First Amended Complaint. The Court did not consider these paragraphs when evaluating the Motion to Dismiss.

1

Fleetpride infringed. *Id.* In response, Allison asserts that its allegations sufficiently state claims for trademark infringement, unfair competition, and false description of goods because such claims revolve around whether a defendant's use of a trademark creates a likelihood of consumer confusion. Dkt. No. 31 at 3-4. Allison further argues that there is no need for it to provide a more definite statement as to which of its trademarks Fleetpride infringed because Fleetpride infringed the dominant portion of each of Allison's trademarks.[2] *Id.* at 5-7. For the reasons stated herein, the Court **DENIES** Fleetpride's Motion to Dismiss; however Fleetpride's alternative Motion for a More Definite Statement is **GRANTED**.

## I. BACKGROUND

Allison began manufacturing automatic transmissions for commercial vehicles approximately seventy years ago and has since developed a reputation for building high quality, reliable automatic transmissions. Dkt. No. 13, ¶ 4. In order to protect the rights to its name, Allison obtained federal registration for standard character trademarks in "ALLISON" and "ALLISON TRANSMISSIONS" (the "Allison Standard Character Marks"). *Id.* at ¶ 8. Allison also registered seven design trademarks for use in relation to its automatic transmission products, all of which incorporated at least one of the Allison Standard Character Marks (the "Allison Design Marks"). *Id.*

In 1999, Allison developed a new transmission fluid certification standard, TES 295, which it used to indicate which transmission fluids worked best with its transmissions.

---

[2] In addition to filing its Response in Opposition to the Motion to Dismiss, Allison also filed a Motion for Leave to File Sur-Reply on March 21, 2017, with its proposed Sur-Reply attached. Dkt. No. 38. The Court hereby **GRANTS** Allison's Motion for Leave to File Sur-Reply, which the Court considered.

*Id.* at ¶¶ 11-12. In connection with this new certification standard, Allison registered a standard character trademark in "TES 295" (the "TES 295 Standard Character Mark") and two design trademarks, both of which include the TES 295 Standard Character Mark and at least one of the Allison Standard Character Marks (the "TES 295 Design Marks"). *Id.* at ¶ 12. Before obtaining a license to use the TES 295 Standard Character Mark or the TES 295 Design Marks, Allison requires each licensee to first demonstrate that its transmission fluid meets Allison's strict requirements for obtaining TES 295 certification. *Id.* at ¶ 15.

In May 2015, Allison learned that Fleetpride was marketing and selling transmission fluid known as "Primatech TES295," and that Fleetpride's packaging of Primatech TES295 incorporated the TES 295 Standard Character Mark, as well as the Allison Standard Character Marks. *Id.* at ¶ 20. For example, Exhibit C to the First Amended Complaint shows a Fleetpride transmission fluid container label that states that the product is "Suitable for use in Allison Transmissions for extended drain" and listed its product number as "PTATF-TES295-G." *Id.* at Ex. C. Although Allison requested that Fleetpride cease and desist its use of Allison's trademarks, Fleetpride refused, believing that its use of Allison's trademarks was a non-infringing, fair use. *Id.* at ¶¶ 24, 29. Fleetpride continues to employ Allison's trademarks in relation to its transmission fluid products. *Id.* at ¶ 32.

Allison initiated this action on September 14, 2016.[3] Dkt. No. 1. Allison alleges that "Fleetpride's adoption and continued use of one or more" of its trademarks infringes

---

[3] On February 2, 2017, Allison filed its First Amended Complaint, Dkt. No. 13, which is the subject of Fleetpride's Motion to Dismiss. Dkt. No. 21.

on its trademark rights because Fleetpride's use of its trademarks falsely suggests that Fleetpride's transmission fluid is certified or sponsored by Allison, or is otherwise affiliated with Allison. Dkt. No. 13, ¶¶ 33-39. As such, Allison alleges that Fleetpride's use of its trademarks constitutes trademark infringement, unfair competition, and a false description of goods in violation of the Lanham Act and common law. *Id.* at ¶¶ 43-68.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Documents central to the complaint and referred to in it as well as information that is properly the subject of judicial notice may also be considered. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (further citation omitted)).

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive a defendant's motion to dismiss for failure to state a claim upon which relief may be granted, a plaintiff must provide the grounds for its entitlement to relief with more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the First Amended Complaint gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions or conclusory allegations are insufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

## III.  ANALYSIS

### A.  DISMISSAL OF ALLISON'S CLAIMS PURSUANT TO RULE 12(b)(6)

In its Motion to Dismiss, Fleetpride asserts that its use of the Allison Standard Character Marks cannot constitute trademark infringement as a matter of law because use of a competitor's trademark to convey compatibility or suitability is a non-infringing use.  Dkt. No. 22 at 6-9.  Allison, however, argues that Fleetpride's "suitable for use" language in connection with the Allison Standard Character Marks does not preclude infringement because a trademark infringement analysis primarily revolves around whether the alleged infringement creates a likelihood of consumer confusion.  Dkt. No. 31 at 3-4.

To determine whether a defendant can be held liable for infringing upon a plaintiff's trademark in violation of the Lanham Act, the Court must decide "whether the [alleged] infringer's 'use is likely to cause confusion, or to cause mistake, or to deceive…'" *Helene Curtis Indust., Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1330 (7th Cir. 1977) (quoting 15 U.S.C. § 1114(1)).  *See also*, *McGraw-Edison Co. v. Walt Disney Prod.*, 787 F.2d 1163, 1167 (7th Cir. 1986) (states that "both [15 U.S.C. §§ 1114 and 1125] require that a plaintiff demonstrate that the defendant has created a likelihood of confusion as to the origin of his product").  Whether a defendant's use of a plaintiff's trademark creates a likelihood of consumer confusion is ultimately a question of fact.  *See AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008) (citing *McGraw-Edison*, 787 F.2d at 1167); *see also*, *Sorenson v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015).  In the Seventh Circuit, a court determines whether a likelihood of confusion exists using seven factors: (1) "the similarity between the marks in appearance and suggestion"; (2) the similarity between

the parties' products; "(3) the area and manner of concurrent use"; (4) the level of care a consumer would be expected to exercise in discerning the products; (5) the strength of the plaintiff's trademark; (6) actual confusion; and (7) the defendant's intent to pass his product off as the product of another.  *Sorenson*, 792 F.3d at 726.

When determining the extent of the similarity between two marks, the Court must "view the marks as a whole" and "must compare the marks 'in light of what happens in the marketplace and not merely by looking at the two marks side-by-side.'"  *AutoZone*, 543 F.3d at 929-30 (quoting *Sullivan v. CBS Corp.*, 385 F.3d 772, 777 (7th Cir. 2004)).  The Court does not need to decide "'whether the public would confuse the *marks*,'" but must instead determine "'whether the viewer of an accused mark would be likely to associate the product or service with which it is connected with the source of products or services with which an earlier mark is connected.'"  *AutoZone*, 543 F.3d at 930 (quoting *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 275 (7th Cir. 1976)).  Therefore, a defendant can infringe upon a plaintiff's trademark if the defendant's use of the trademark could cause a consumer to believe that the plaintiff "'sponsored, endorsed or was otherwise affiliated with'" the defendant's product.  *AutoZone*, 543 F.3d at 930 (quoting *Nike, Inc. v. "Just Did It" Enters.*, 6 F.3d 1225, 1228-29 (7th Cir. 1993)).

Although Fleetpride contends that its use of the Allison Standard Character Marks is a non-infringing use because it is paired with "suitable for use" language, Dkt. No. 22 at 6-9, the use of such language alone would not prohibit a finding of trademark infringement.  Fleetpride may reduce the risk of creating consumer confusion by indicating that its product is "suitable for use" with Allison's products, but the use of this language

6

does not completely preclude the possibility of creating consumer confusion as to Allison's potential sponsorship or endorsement.

Fleetpride cites several cases from other districts to demonstrate that language conveying compatibility or suitability with a competitor's product is a non-infringing use and does not constitute infringement. Dkt. No. 22 at 6-9. However, all of these cases address such language to inform the question of whether a likelihood of consumer confusion exists, rather than to preclude any potential infringement. *See Birjur Lubricating Corp., Devco Corp.*, 332 F. Supp. 2d 722, 727-30 (D.N.J. 2004) (finding that "[t]he determinative issue is whether Devco's use of the Marks causes a likelihood of confusion" even though use of the "Bijur" name "does not, in itself, demonstrate Defendants' intent to confuse the public"); *Porter v. Farmers Supply Serv., Inc.*, 617 F. Supp. 1175, 1187 (D. Del. 1985) (determining that "[m]erely specifying that a replacement part will be suitable for use in a product bearing a trademarked name lacks the requisite element of actual or foreseeable deception to the public" to cause consumer confusion); *Mueller Co. v. U.S. Pipe & Foundry Co.*, 351 F. Supp. 2d 1, 3 (D.N.H. 2005) (finding that marketing a product as being "interchangeable" with a competitor's product is insufficient to find a likelihood of consumer confusion).

Because Fleetpride's "suitable for use" language does not preclude any inference of sponsorship or other association with Allison when viewing the factual allegations in a light most favorable to Allison, the Court **DENIES** Fleetpride's Motion to Dismiss to the extent it seeks to dismiss Allison's claims pursuant to Rule 12(b)(6).

## B.  ALTERNATIVE REQUEST FOR A MORE DEFINITE STATEMENT

In the alternative to dismissal of Allison's claims, Fleetpride requests that the Court order Allison to provide a more definite statement and to replead its claims to more clearly specify which of Allison's trademarks Fleetpride allegedly infringed.  Dkt. No. 21 at 1.  Fleetpride contends that a more definite statement is necessary because, despite identifying Allison's thirteen different registered trademarks, Allison's First Amended Complaint merely states that Fleetpride used of "one or more" of Allison's trademarks to support its infringement claims.  Dkt. No. 13, ¶¶ 33-42.

The Court agrees with Fleetpride that Allison has not sufficiently plead facts in its First Amended Complaint to support Allison's claims that Fleetpride infringed upon all thirteen of Allison's trademarks.  Although Allison provided a single example of Fleetpride's alleged infringement, this example only depicts Fleetpride's use of the Allison Standard Character Marks and the TES 295 Standard Character Mark.  *See id.*, Ex. C.  It remains unclear whether Fleetpride infringed upon Allison's trademarks in any other way.  Furthermore, Allison has provided no factual allegations demonstrating how Fleetpride infringed upon any of the Allison Design Marks or the TES 295 Design Marks.  Instead, Allison merely alleges that Fleetpride infringed on "one or more" of its trademarks, without further defining to which of its trademarks it refers or how Fleetpride actually infringed upon its trademarks.

As stated above, the *Twombly* plausibility standard requires a plaintiff to plead sufficient facts to give the defendant "fair notice of what the … claim is and the grounds upon which it rests" in order to properly state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Because

Allison's factual allegations do not provide sufficient detail to put Fleetpride on notice as to which trademarks it allegedly infringed, or how it allegedly infringed them, Allison's allegations within the First Amended Complaint are insufficient to support its claims. Therefore, the Court **GRANTS** Fleetpride's alternative request for a more definite statement and orders Allison to file a second amended complaint that more clearly defines which of its trademarks it believes Fleetpride infringed and details how it believes Fleetpride infringed those marks.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Fleetpride's Motion to Dismiss but **GRANTS** Fleetpride's Alternative Motion for a More Definite Statement.  Dkt. No. 21. Allison must file an Amended Complaint more clearly defining the trademarks it alleges Fleetpride upon infringed within seven days from the date of this Order.  Fleetpride's Motion to Strike, Dkt. No. 23, is **GRANTED in part and DENIED in part**.  Furthermore, Allison's Motion for Leave to File a Sur-Reply, Dkt. No. 38, is **GRANTED**.

IT IS SO ORDERED this 5th day of April, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Caitlin R. Brandon
BARNES & THORNBURG LLP (Indianapolis)
cbyczko@btlaw.com

David A. W. Wong
BARNES & THORNBURG LLP (Indianapolis)
david.wong@btlaw.com

Deborah Pollack-Milgate
BARNES & THORNBURG LLP (Indianapolis)
dmilgate@btlaw.com

Stacey Cho Hernandez
CARTER SCHOLER PLLC
shernandez@carterscholer.com

Joshua J. Bennett
LAW OFFICES OF CARTER SCHOLER ARNOTT & MOCKLER, PLLC
jbennett@carterscholer.com

Crystal Spivey Wildeman
WOODEN & MCLAUGHLIN LLP (Evansville)
cwildeman@woodmclaw.com